## EMILE C. GEYLIN v. BRUTUS deVILLEROI.

In a case commenced by foreign attachment, if the defendant appears and gives special bail and dissolves the attachment before, or by the first term of the court after it is issued, the plaintiff on filing an affidavit and a copy of his cause of action under the statute, will be entitled to judgment on the last day of the first term, unless an affidavit of defence is filed before that on behalf of the defendant.

FOREIGN attachment case. The foreign attachment was issued in vacation on which certain goods of the defendant at the time in the county were attached, and in a few days afterward special bail was given by the defendant to the plaintiff's action, on which the goods were discharged from the attachment. On the first day of the term of the court the plaintiff filed an affidavit with a copy of his cause of action, which was a book account, under the statute, and no affidavit of defence having been filed, the plaintiff's attorney on the last day of the term moved for judgment on his affidavit and cause of action filed.

*Patterson*, for the defendant, objected to the motion on the ground that the rule and the statute did not apply to a case commenced, as this was by foreign attachment, because under the attachment law the plaintiff was not entitled to judgment in an action commenced by foreign attachment, until the second term after the attachment is sued, and the defendant has, in all such cases, until the second term to appear and give special bail and dissolve the attachment, when the action is to proceed as in any other case.

*Booth*, for the plaintiff, replied that the words of the statute, as well as the rule, applied to all actions for the recovery of certain demands of which this was one, and in this case, to which the defendant had appeared in vacation, and in which he had given special bail and dissolved the attachment, there was no good reason why he should be indulged with a longer delay, or be placed on more favorable grounds in the matter of giving judgment against him, than a citizen of the state, or one who happened not to live out of it.

*By the Court:* Under the circumstances of this case, the plaintiff is entitled to judgment this term on the copy of his account and affidavit sustaining it, unless an affidavit of defence has been filed on the other side before the last day of the term. It is true, as a general thing, that the defendant in a foreign attachment is allowed until the second term after the writ is issued, to appear and enter special bail and dissolve it; and the plaintiff is not entitled to judgment, until that term, unless the defendant has in the meantime appeared and given special bail and dissolved the attachment by, or before the first term after the issuing of it. But one of the objects of the process of foreign attachment is to constrain, or procure the attendance of non-resident defendants, and such a defendant may, if he chooses, appear, give special bail and dissolve it at any time before the second term, and if he does so,

the action then proceeds as in any other case commenced
by summons personally served, or any other process.
Nor does this ruling in any manner affect, or abridge the
privilege, or time allowed the defendant under the at-
tachment law, to appear and enter special bail to the
action ; nor can the filing of an affidavit and copy of the
cause of action by a plaintiff in a case commenced by
foreign attachment, entitle him to a judgment for the
want of an affidavit of defence, before the second term
after the issuing of the writ, unless as in this case, the
defendant appears and enters special bail before, or by
the first term after the writ is issued.